Samuel M. Gold, J.
This is an application by Forty Wall Street Building, Inc., upon notice to each of its debenture holders and stockholders, for an order determining ‘ ‘ whether or not, and, if so, upon what terms and conditions the building and fee and leasehold interests of Forty Wall Street Building, Inc. * * * should be sold or offered for sale The motion is made in an action to foreclose a trust mortgage, made by defendant Forty Wall Street Corporation, in which the plaintiff is The Marine Midland Trust Company of New York, as successor trustee of the mortgage. The movant seeks, also, an order consolidating with this action two other actions, brought by stockholders, in which it is sought to enjoin the movant and Webb & Knapp Inc. from effecting a sale of the property upon the terms proposed in a notice of a special stockholders’ meeting.
The movant acquired title to the building, fee and leasehold, previously mentioned, by virtue of a plan of reorganization, approved by this court, and the foreclosure of the trust mortgage pursuant thereto. The proceedings were had in accordance with section 123 of the Real Property Law, known as the ‘ ‘ Burchill Act ’ ’. The trustee bid in the property at the fore *36 closure sale and assigned its bid to the movant, which was organized for that purpose. The holders of the original bonds issued by Forty Wall Street Corporation received, in exchange therefor, debenture bonds and stock of the movant corporation.
Prior to the making of the present application, Webb & Knapp Inc. acquired title to more than two thirds of the outstanding capital stock of the movant and caused the latter to call a special meeting of the stockholders for the purpose of authorizing a sale of the property for a minimum upset price of $15,000,000, upon certain conditions set forth in the notice. An action was thereupon commenced by one Warnecke, on behalf of himself and all other debenture holders and stockholders of movant, for a permanent injunction restraining the special meeting of stockholders and the putting into effect of the proposals set forth in the notice of meeting. The theory upon which injunctive- relief was sought was that the purpose of the proposed sale was not to benefit the movant, but rather to enable Webb & Knapp Inc., the majority stockholder, to acquire the property for itself or a nominee and realize a substantial profit.
A second action was also commenced by one Bythiner, another stockholder, to enjoin a sale on the terms proposed in the notice of special meeting of stockholders. Temporary injunctions against the carrying out of the sale proposed in said notice of meeting were granted by another Justice of this court, pending the trial of the Warnecke and Bythiner actions. Both orders provided that nothing therein contained “ shall be construed as prohibiting any of the parties from making application to the court pursuant to its retained jurisdiction, if any,” in the foreclosure action brought by The Marine Midland Trust Company “ for further instructions with regard to the sale of the property of Forty Wall Street ”. The “ retained jurisdiction ’ ’ of this court, mentioned in said orders, refers to the fact that the order approving the amended plan of reorganization, pursuant to which the movant was organized and took title to the property at Forty Wall Street, provided that “ any party to this action may at any time hereafter apply at the foot hereof for such further instructions, directions or relief as may be necessary to carry out or effectuate the said Amended Plan of Reorganization hereby approved”. A subsequent order of this court further authorized any party in interest to apply for such further instructions, directions and orders as may from time to time seem necessary for the purpose of consummating and carrying out the amended plan of reorganiza *37 tion. The reorganization proceeding was heard and supervised by an “Additional Special Term for Trust Mortgages”, originally created by order of the Appellate Division, dated July 5, 1935, which is still in force. The order provided that said Additional Term was to hear and dispose of “ all matters relating to actions or proceedings involving trust mortgages securing bonds sold to the public and any foreclosure or reorganization thereof and any matters involving trusts or trustees thereunder ”.
It is clear from the foregoing that the present application, insofar as it seeks an order determining whether the property should be sold and, if so, upon what terms, is properly before this Additional Special Term. The two temporary injunction orders expressly state, as previously mentioned, that they are not to be construed as forbidding an application to the Additional Special Term for instructions as to the sale of the property. The attorney for the plaintiff in the Warnecke action states that Warnecke “ has no objection to this court determining in this proceeding (1) whether or not the Forty Wall property should be sold at all at this time and (2) if the court should determine that the property should be sold, then on what terms and conditions.”
The attorney for the plaintiff Bythiner in the other pending action, likewise recognizes that it is for this Additional Special Term to determine whether or not the premises should be sold and, if so, upon what terms. At the hearing no one voiced any objection to granting of the present application.
Since the hearing, however, Charles Trynin, the attorney for three of the directors of Forty Wall Street Building, Inc., and also for a stockholders’ committee, has submitted an affidavit in which he takes the position that in view of the withdrawal of the proposal of Webb & Knapp Inc. there is nothing for the court to act upon. In its answer to the present petition, Webb & Knapp had alleged that it was formally withdrawing its prior proposal as outlined in the notice of a special stockholders’ meeting, so that the Additional Special Term may determine whether the property should be sold and, if so, upon what terms “ solely on the basis of proposal submitted to it in this proceeding and of its findings with respect thereto in the light of the evidence presented before it”. Although the withdrawal had already been referred to at the hearing, said attorney, when he spoke, did not, at the hearing, object to the granting of the relief sought upon the present motion. On the contrary, he stated that as a director he has prevailed upon *38 the majority of the hoard to make the present application. Another attorney has also submitted an affidavit stating that “ at the present time there is no compelling necessity for the instant proceeding since no offer of purchase of this property is pending ”. However, in a subsequent portion of the affidavit, he recedes somewhat from this position and states that there is no valid reason for a sale “unless the sale price of the property were so high as to constitute a compelling necessity ”.
The present application was made pursuant to a resolution adopted by a unanimous vote of the board of directors of Forty Wall Street Building, Inc., including Mr. Trynin and the three directors he represents. It was not conditioned upon the continued existence of the Webb & Knapp offer, to which Trynin and the three directors whom he represents object. The facts stated in Mr. Trynin’s affidavit do not support his conclusory statement that the foundation of the resolution authorizing the bringing of this proceeding was the continued existence of the unsatisfactory Webb & Knapp proposal or an amendment thereof, although, it is true, the petition states that petitioner is informed that Webb & Knapp Inc. intends to resubmit its proposal.
In view of the fact that the board of directors of petitioner has unanimously authorized the present application, and that the purpose of the Burchill Act, pursuant to which the reorganization was effected and petitioner came into being, is liquidation, the court is of the opinion that the motion should be granted, notwithstanding the fact that the offer of Webb & Knapp Inc., whose alleged inadequacy precipitated this proceeding, has been withdrawn. The mere fact that no offer is presently pending is insufficient basis, in itself, for denying the motion in the circumstances here presented.
The suggestion that the question of whether or not the property should be sold be determined first, then the question of the value of the assets, and only then the circumstances and terms and conditions of the sale is not a practical one. The three questions are inextricably intertwined. The question of whether the property should be sold cannot be determined without reference to the price to be received, for the price can be determinative of the question. The circumstances, terms and conditions are also important in determining whether there should be a sale. Obviously, it cannot be that the property should be retained regardless of how favorable the price and terms obtainable may be.
*39 A memorandum, submitted by the trustee states that the indenture does not permit a sale without the approval of the holders of at least 66% in principal amount of the outstanding debentures, unless the proceeds of the sale are used to satisfy and discharge the indenture. Of course, a sale, if subsequently authorized by the court, will be conditioned upon the approval of the requisite number of debenture holders, or upon satisfaction of the indenture from the proceeds of the sale.
There remains for consideration that branch of this application which seeks to consolidate the Warnecke and Bythiner actions with this action. The object of both said actions is to enjoin the sale proposed in the notice of a special stockholders’ meeting.
In view of the formal withdrawal of the offer of sale referred to in said notice of meeting, the prosecution of the actions has become unnecessary. Nothing decided in them can affect the issues to be decided by the Additional Special Term. The question of whether dissenting stockholders are entitled to an appraisal of their stock, pursuant to sections 20 and 21' of the Stock Corporation Law, can arise only if this court should authorize a sale. If the decision of this question, which is presently premature, should become important by reason of a sale, and may properly be made by the Additional Special Term, the determination may be made without consolidating the Bythiner action (in which that question is raised) with the present action. The cross claims asserted in the Warnecke action seek affirmative relief which goes beyond the jurisdiction conferred by the Additional Special Term. Moreover, in determining under what circumstances and upon what terms and conditions a sale, if found proper, should be had, the relationship of Webb & Knapp Inc. and the Chase Bank to the property and to each other, and their rights in the fee, may be taken into consideration, as well as the lease held by the Chase Bank and the stockholders of Webb & Knapp Inc. As a result, the cross claims may become academic.
The motion is granted to the extent of appointing Irving M. Rosen, Esq., of 100 Broadway, New York City, as referee to take proof on notice to all debenture holders, stockholders and other necessary parties, as to whether the premises should be sold and, if so, as to the price, terms and conditions which should govern such sale, as well as the circumstances under which it should be made, and to report to the court thereon with all possible speed. The inquiry by the referee should await the appraisal of the property by Philip Brady, Esq., of *40 37 Wall Street, New York City, who is hereby appointed to make such appraisal, also with all possible speed. Petitioner is directed to permit any stockholder or debenture holder to inspect, at its office, either personally or through representative, all data bearing upon the value of the property, including blueprints, plans, leases, lists of expenses, etc.
Settle order.